```
                                                    RECEIPT #_____
                                                    AMOUNT $__N/A____
                                                    SUMMONS ISSUED_Y-1_
              UNITED STATES DISTRICT COURT          LOCAL RULE 4.1_____
                         for the                   WAIVER FORM_____
              DISTRICT OF MASSACHUSETTS             MCF ISSUED_____
                                                    BY DPTY. CLK. ___M___
                  2005 SEP 14 P 3: 37               DATE    9-14-05
```

| | |
|---|---|
| BARRY BROOKS,<br>    Plaintiff | )<br>)<br>) |
| V. | ) Civil Action<br>)<br>) No. _____ |
| WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY<br>    Defendant | )<br>)<br>)<br>) |

**05 - 11861 RGS**

MAGISTRATE JUDGE _Alexander_

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

#### General Factual Allegations

1.  The Plaintiff, Barry Brooks, is a resident of Falmouth, County of Barnstable, Commonwealth of Massachusetts.

2.  The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3.  On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, was doing business within the Commonwealth of Massachusetts.

4.  On or about August 4, 2003, the Plaintiff, Barry Brooks, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

5. On or about August 4, 2003, the Plaintiff, Barry Brooks, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V ISLANDER.

6. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, owned the M/V ISLANDER.

7. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V ISLANDER from some other person or entity such that on or about August 4, 2003 the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority was the owner pro hac vice of the M/V ISLANDER.

8. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, operated the M/V ISLANDER.

9. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, or the Defendant's agents, servants, and/or employees, controlled the M/V ISLANDER.

10. On or about August 4, 2003, the M/V ISLANDER was in navigable waters.

11. On or about August 4, 2003, while in the in the performance of his duties in the service of the M/V ISLANDER, the Plaintiff, Barry Brooks, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Barry Brooks, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### Barry Brooks v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (JONES ACT NEGLIGENCE)

15. The Plaintiff, Barry Brooks, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Barry Brooks, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Barry Brooks, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Barry Brooks, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Barry Brooks v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Barry Brooks, reiterates the allegations set forth in paragraphs 1

through 14 above.

20. The personal injuries sustained by the Plaintiff, Barry Brooks, were due to no fault of his, but were caused by the Unseaworthiness of the M/V ISLANDER.

21. As a result of said injuries, the Plaintiff, Barry Brooks has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Barry Brooks, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Barry Brooks v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Barry Brooks, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Barry Brooks, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Barry Brooks, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $100,000 for maintenance and cure, together with costs and interest.

## COUNT IV

**Barry Brooks vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

25. The Plaintiff, Barry Brooks, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Barry Brooks, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, Barry Brooks, has made demand upon the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, for the provision of maintenance and cure.

28. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Barry Brooks, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, Barry Brooks,
by his attorney,

_____
David F. Anderson, BBO #560994
Carolyn M. Latti, BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 9-14-05

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BARRY BROOKS

**DEFENDANTS**
WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY

(b) County of Residence of First Listed Plaintiff: BARNSTABLE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: BARNSTABLE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David F. Anderson, Carolyn M. Latti, Latti & Anderson LLP
30 Union Wharf, Boston, MA 02109   (617) 523-1000

Attorneys (If Known)
05-11861 RGS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Jones Act 46 USC 688 et seq & General Maritime Law

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >100,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 09-14-05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Brooks vs. WH, MV & N Steamship Authority__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 - 11861 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David F. Anderson, Latti & Anderson LLP__
ADDRESS __30 Union Wharf, Boston, MA 02109__
TELEPHONE NO. __617-523-1000__

(Coversheetlocal.wpd - 10/17/02)