## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

**BARRY BROOKS,**                                    CIVIL ACTION
     **Plaintiff,**                                NO: 05-11861-RGS

**vs.**


**WOODS HOLE, MARTHA'S VINEYARD**
**AND NANTUCKET STEAMSHIP**
**AUTHORITY,**
     **Defendant.**


## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Complaint and Demand for Jury Trial.

### GENERAL FACTUAL ALLEGATIONS

1. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits the allegations contained in Paragraph No. 2.

3. The defendant admits the allegations contained in Paragraph No. 3.

4.    The defendant admits the allegations contained in
      Paragraph No. 4.

5.    The defendant admits the allegations contained in
      Paragraph No. 5.

6.    The defendant admits the allegations contained in
      Paragraph No. 6.

7.    The defendant denies the allegations contained in
      Paragraph No. 7.

8.    The defendant admits the allegations contained in
      Paragraph No. 8.

9.    The defendant admits the allegations contained in
      Paragraph No. 9.

10.   The defendant admits the allegations contained in
      Paragraph No. 10.

11.   The defendant lacks personal knowledge sufficient to
      form a belief as to the truth of the allegations
      contained in Paragraph No. 11 and therefore denies
      same.

12.   The defendant lacks personal knowledge sufficient to
      form a belief as to the truth of the allegations
      contained in Paragraph No. 12 and therefore denies
      same.

## JURISDICTION

13. Paragraph No. 13 contains an allegation and conclusion of law which does not require an answer, but to the extent that an answer is required, the defendant denies all the allegations contained in Paragraph No. 13.

14. Paragraph No. 14 contains an allegation and conclusion of law which does not require an answer, but to the extent that an answer is required, the defendant denies all the allegations contained in Paragraph No. 14.

## COUNT I
### Barry Brooks vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority
### (JONES ACT NEGLIGENCE)

15. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

16. The defendant denies the allegations contained in Paragraph No. 16.

17. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 and therefore denies same.

18.  Paragraph No. 18 contains an allegation and conclusion of law which does not require an answer, but to the extent that an answer is required, the defendant denies all the allegations contained in Paragraph No. 18.

   **WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count I together with costs and reasonable attorney's fees.

**COUNT II**
**Barry Brooks vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

19.  The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

20.  The defendant denies the allegations contained in Paragraph No. 20.

21.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21 and therefore denies same.

22.  Paragraph No. 22 contains an allegation and conclusion of law which does not require an answer,

but to the extent that an answer is required, the defendant denies all the allegations contained in Paragraph No. 22.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count II together with costs and reasonable attorney's fees.

<u>COUNT III</u>
**Barry Brooks vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**
**(GENERAL MARITIME LAW – MAINTENANCE & CURE)**

23.  The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

24.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 and therefore denies same.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count III together with costs and reasonable attorney's fees.

<u>COUNT IV</u>
**Barry Brooks vs. Woods Hole, Martha's Vineyard and
Nantucket Steamship Authority
(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT
FAILURE TO PROVIDE MAINTENANCE & CURE)**

25.  The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

26.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 and therefore denies same.

27.  The defendant admits that plaintiff's counsel has made a demand for maintenance and cure, but has failed to support such demand with the proper documentation.

28.  The defendant denies the allegations contained in Paragraph No. 28.

29.  The defendant denies the allegations contained in Paragraph No. 29.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count IV together with costs and reasonable attorney's fees.

## <u>AFFIRMATIVE ANSWERS</u>

The defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to establish subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 as alleged.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. §1333.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill and knowledge in the performance of his work reasonably required of a seaman of the plaintiff's experience, and not due to any negligence or fault on the part of the

defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate his alleged damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged

injuries were caused by his willful concealment of a disabling condition.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is not entitled to maintenance and cure because of his failure to follow physician recommendations.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff's treatment is for an ancillary medical condition, which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility for maintenance and cure.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that Counts III and IV of Plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because it timely and fully satisfied its maintenance and cure obligations under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that it is entitled to a set-off against any Judgment for amounts previously paid to the plaintiff.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 U.S.C.A. §183(b).

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT RESERVES THE RIGHT TO CLAIM TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN, WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**


_**"/s/ Thomas J. Muzyka"**
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kenneth M. Chiarello**
**BBO NO: 639274**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  October 11, 2005