# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

_____

)
**BARRY BROOKS,** )
    **Plaintiff** )
                            )    **Civil Action**
**V.** )
                            )    **No. 05-11861-MLW**
**WOODS HOLE, MARTHA'S** )
**VINEYARD AND NANTUCKET** )
**STEAMSHIP AUTHORITY,** )
    **Defendant** )
_____)

_____

)
**MARK LALIBERTE,** )
    **Plaintiff** )
                            )    **Civil Action**
**V.** )
                            )    **No. 05-11224-MLW**
**WOODS HOLE, MARTHA'S** )
**VINEYARD AND NANTUCKET** )
**STEAMSHIP AUTHORITY,** )
    **Defendant** )
_____)

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Now comes the Plaintiffs in the above-entitled action and by and through their

attorneys submits Plaintiffs' Proposed Jury Instructions.

Respectfully submitted,

Barry Brooks and Marl Laliberte,
Plaintiffs, By their attorneys,


/s/ Carolyn M. Latti
David F. Anderson
BBO #560994
Carolyn M. Latti
BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Dated: August 22, 2007


<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


/s/ Carolyn M. Latti
Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000


Dated: 8/22/07

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 1

The Plaintiff has in this suit asserted three separate claims.  The first of these is negligence under the Jones Act, the second is for unseaworthiness under the General Maritime Law, and the third is for what is called maintenance and cure.  The Defendant has admitted negligence under the Jones Act and unseaworthiness under the General Maritime Law.  I am going to explain the law regarding negligence and unseaworthiness so that you can determine other claims in this case that have been asserted.

<u>NEGLIGENCE - JONES ACT</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 2</u>

The count of the Plaintiff's Complaint in which he alleges negligence is authorized under an Act of Congress referred to as the Jones Act.  The Jones Act gives a seaman or fisherman the right to sue in an action for damages arising from the negligence of the owner or crew of a vessel aboard which the seaman or fisherman is employed, if he suffers personal injuries in the course of his employment.

46 U.S.C. App. §688.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 3

Under the Jones Act, "[t]he obligation of a shipowner to a seaman is substantially greater than that of an ordinary employer to his employees."

<u>Mahnich v. Southern S.S. Co.</u>, 321 U.S. 96, 64 S.Ct. 455 (1944).

<u>Koehler v. Presque Isle Transp. Co.</u>, 141 F.2d 490, 492 (2nd Cir. 1944).

<u>Nolan v. Greene</u>, 383 F.2d 814, 818 (6th Cir. 1967).

<u>JONES ACT CLAIM FOR NEGLIGENCE -- ESSENTIAL ELEMENTS</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 4</u>

In order to recover on his claim for negligence, the plaintiff has the burden of proving two essential elements by a preponderance of the evidence. These elements are:

<u>First</u>:       That the defendant was negligent;

<u>Second</u>:       That the defendant's negligence was a cause of injury to the plaintiff.

<u>NEGLIGENCE - DEFINITION</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 5</u>

I will now explain to you the first element of the Jones Act claim, namely that of negligence.

Negligence is the failure to exercise the degree of care which an ordinarily prudent person would use under the same or similar circumstances in the discharge of the duty resting upon him.  Negligence is the failure of one owing this duty of care to another to do what an ordinarily prudent person would have done under the circumstances, or doing what such person would not have done.  It is said to be the failure to use ordinary care under the circumstances.

In a Jones Act claim, the word "negligence" is given a liberal interpretation.  It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Employers of seamen have a duty to provide their employees with a reasonably safe place to work.  If you find that the plaintiff's decedent was injured because the defendants failed to furnish him with a reasonably safe place to work, and that his working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendants were negligent.

The fact that the defendants may have conducted their operations in a manner similar to that of other companies is not conclusive as to whether the defendants were negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances.  The fact that a certain practice has been continued for a long period of

time does not necessarily mean that it is reasonably safe under the circumstances.  A long

accepted practice may be an unsafe practice.  However, a practice is not necessarily

unsafe or unreasonable merely because it injures someone.

<u>Federal Jury Practice and Instructions (4th Edition)</u>, §95.06.

<u>Fifth Circuit Pattern Jury Instructions, Civil</u>, §4.4.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 6</u>

Ordinary care is that care which reasonably prudent persons exercise in the

management of their own affairs, in order to avoid injury to themselves or their property,

or the person or property of others.


<u>Tiller v. Atlantic Coast Line R. Co.</u>, 318 U.S. 54, 67, 63
S.Ct. 444 (1943).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 7</u>

The means of knowledge are ordinarily the equivalent in law to knowledge. So, if it appears from the evidence in the case that a person had information which would lead a reasonable prudent person to make inquiry through which he would surely learn certain facts, then that person may be found to have had actual knowledge of those facts, the same as if he had made such inquiry and had actually learned such facts. That is to say, the law will charge a person with notice and knowledge of whatever he would have learned, upon making such inquiry as it would have been reasonable to expect him to make under the circumstances.

<u>See</u> <u>Ribitzki v. Canmar Reading & Bates, Ltd. Partnership</u>, 111 F.3d 658, 663 (9th Cir. 1997).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 8

SAFE PLACE TO WORK

A shipowner/employer has the continuing duty to a seaman or fisherman employed aboard its vessel to perform work thereon to use ordinary care under the circumstances to furnish those seamen or fishermen with a reasonably safe place in which to work and to use ordinary care under the circumstances to maintain and keep the vessel in a reasonably safe condition. "Safe place to work" in the law means a place where the work can be performed without exposure to unreasonable risk or harm if the worker performs his duties with reasonable care for his own safety.

If you find that in this case the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work because of the allegedly negligent and careless behavior of a fellow member of the crew or the Master, and that the plaintiff's working conditions could have been made safe with the exercise of reasonable care, then you may find that the defendant was negligent.

Mahnich v. Southern S.S. Co., 321 U.S. 96, 102, 64 S.Ct. 455, 459 (1944).

Ribitzki v. Canmar Reading & Bates, Ltd. Partnership, 111 F.3d 658, 662 (9th Cir. 1997).

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 9

The defendants in this case is not an individual person and as such can act only through their officers, or employees, or other agents.  Any negligent act or omission of an officer, or employee, or other agent of the Defendant in the performance of his duties is held in law to be the negligence of the Defendant, even though the Defendant did not authorize or know of the acts complained of.

Federal Jury Practice and Instructions (4th edition), §71.09.

PROXIMATE CAUSE - NEGLIGENCE

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 10

The second element of the Plaintiff's Jones Act claim is whether the Defendant's negligence caused or contributed to an injury and consequent damage suffered by the Plaintiff.

In deciding proximate cause under the plaintiff's Jones Act claim for negligence of the defendant, the single question for you to decide is "whether negligence of the employer played any part however small" in the plaintiff's injuries. The burden of the plaintiff/employee is met, and the obligation of the defendant/employer to pay damages arises, where there is proof, even though entirely circumstantial, that the defendant's slightest negligence caused the plaintiff's injury.

Federal Jury Practice and Instructions (4th Edition), §95.09.

Gautreaux v. Scurlock Marine, Inc., 84 F.3d 776, 782 (5th Cir. 1996), affirmed in part and reversed in part on other grounds, 107 F.3d 331, 339 (5th Cir. 1997 (en banc) (the original panel opinion reaffirmed the use of the "featherweight" burden of proving causation, which was approved by the en banc opinion).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 11</u>

Under the Jones Act an injury or damage is considered caused by a negligent act, or negligent failure to act, whenever it appears, from a preponderance of the evidence of the case, that the act or omission played any part <u>no matter how small, even the slightest,</u> in bringing about or actually causing the injury or damage.

The Plaintiff's burden of proving causation under the Jones Act has been described as "featherweight."

<u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500, 77 S.Ct. 443 (1957).

<u>Gallick v. Baltimore & Ohio Ry. Co.</u>, 372 U.S. 108, 83 S.Ct. 659 (1963).

<u>Toucet v. Maritime Overseas Corp.</u>, 991 F.2d 510 (1st Cir. 1993).

<u>Gautreaux v. Scurlock Marine, Inc.</u>, 84 F.3d 776, 782 (5th Cir. 1996), <u>affirmed in part and reversed in part on other grounds</u>, 107 F.3d 331, 339 (5th Cir. 1997 (en banc) (the original panel opinion reaffirmed the use of the "featherweight" burden of proving causation, which was approved by the en banc opinion).

## THE SECOND CLAIM -- UNSEAWORTHINESS

## JURY INSTRUCTION NUMBER 12

The plaintiff's second claim is that he suffered injury while a member of the crew of the Defendant's vessel because of the unseaworthiness of the vessel and her crew, and that he is entitled to damages as a result.

On this subject, I tell you that a shipowner, such as the defendant, is required by law to provide and maintain a seaworthy vessel for its crew, such as the plaintiff in this case.

In order to recover on his claim of unseaworthiness the plaintiff has the burden of proving two essential elements by a preponderance of the evidence. These elements are:

First:          That the vessel or her crew was unseaworthy in some manner;

Second:      That the unseaworthy condition was a proximate cause of injury to

                 the plaintiff.

15

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 13

I will now explain the first element of this part of the case.  A seaworthy vessel is a ship whose hull, equipment and crew are reasonably adequate in design, maintenance and character to perform their intended functions in the operation of the ship, and that crewmembers will have a reasonably safe place to work and not be subjected to unreasonable risk of harm by reason of failure or deficiency in the ship, its equipment, or its crew.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926 (1960).

Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 213, 83 S.Ct. 1185 (1963).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 14</u>

A shipowner owes to a seaman an absolute non-delegable duty to furnish him with a seaworthy vessel, a seaworthy crew.  If the shipowner's vessel, equipment or crew are in any way inadequate for the purposes for which they are intended, and as a result of said inadequacy the seaman is injured, the vessel is unseaworthy and the shipowner is responsible to the seaman in damages.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 15

Unseaworthiness is a relative term and does not necessarily mean the inability of the vessel to sail or be navigable.  A vessel is unseaworthy with respect to a seaman if it does not provide him with safe and suitable appliances with which to perform his work and if it does not afford him a safe place in which to work.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926 (1960).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 16

The plaintiff is not required to prove that the entire vessel was unseaworthy, that is that she would sink if she attempted to float, all that he must prove is that the vessel, equipment or crew was not reasonably fit for its intended purpose, or that some condition of the vessel prevented it from being reasonably fit for its intended purpose, and that he was injured as a result.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926 (1960).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 17</u>

Even a temporary and unforeseeable malfunction or failure of the vessel or a piece of its equipment under expected and appropriate use is sufficient to establish the unseaworthiness of the vessel as long as the condition, however temporary and unforeseeable, is the proximate cause of the injuries suffered by the fisherman.

<u>See</u> <u>Hubbard v. Farows Fisheries, Inc.</u>, 626 F.2d 196 (1st Cir. 1980).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 18

"Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame.  That is to say, the shipowner or operator is liable for all injuries and consequent damages proximately caused by an unseaworthy condition existing at any time, even though the owner or operator may have exercised due care under the circumstances and may have had no notice or knowledge of the unseaworthy condition which proximately caused the injury or damage."

Federal Jury Practice and Instructions (4th edition), §95.11.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 19</u>

Lack of notice or knowledge on the part of the defendant of the unseaworthy condition is no defense to an action for unseaworthiness.  Liability for unseaworthiness is absolute and has nothing to do with concepts of negligence.

Nor does it matter how long or how short a time the condition of unfitness may have existed prior to the accident.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

<u>Federal Jury Practice and Instructions (4th edition)</u>, §§95.11, 95.12, 95.17.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 20

UNSEAWORTHINESS NOT DEPENDENT UPON FAULT

Unseaworthiness does not necessarily mean that the defective condition be of such quality as to render the entire vessel unfit for the purpose for which it was intended.  A defective condition of the vessel or her gear which causes the seaman's injury make her unseaworthy as to him [1].

---

[1] Force & Norris, Law of Seaman, Sec. 27:5, P. 27-18, 2003

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 21

The duty to provide a seaworthy vessel, equipment and gear extends to transitory defects within the vessel or her equipment. A vessel owner is liable for any unseaworthy condition that is a proximate cause of injury to a seaman even if the unseaworthy defect in equipment or fishing gear is temporary. [2]

---

[2] <u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960)

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 22


FAILURE OF EQUIPMENT UNDER NORMAL OPERATION


The failure of equipment on the vessel under proper and expected use is sufficient to establish unseaworthiness.  Where the ship's equipment malfunctions under normal use, you may infer that the equipment is defective, and thus, unseaworthy[3].

---

[3] <u>Lee v. Pacific Far East Line, Inc.</u>, 566 F.2d 65, 67 (9th Cir. 1977); <u>Villers Seafood Co. v. Vest</u>, 813 F.2d 339, 342 (11th Cir. 1987)

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 23

NO DUTY TO PROVIDE ACCIDENT FREE SHIP


However, the owner of a vessel is not required to furnish an accident free ship.  He need only furnish a vessel, and equipment that are reasonably fit for their intended use, and a crew that is reasonably adequate for their assigned tasks[4].

---

[4] 5th Cir. Pattern Jury Instructions, 1998 Ed. § 4.5, P. 41

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 24

UNSEAWORTHINESS SUMMARIZED

In summary, if you find that at the time of the Plaintiff alleged accident the vessel, her equipment or fishing gear was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the ship owner liable, without considering any negligence on the part of the Defendant or any of its employees[5].

---

[5] 5th Cir. Pattern Jury Instructions, 1998 Ed. § 4.5, P. 42

<u>PROXIMATE CAUSE - UNSEAWORTHINESS</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 25</u>

The second element of the unseaworthiness claim is causation.

The principal law applicable to proximate cause for unseaworthiness is different from the one we previously discussed for negligence.  With respect to the unseaworthiness claim, proximate cause means: (1) that the unseaworthiness played a substantial part in bringing about or actually causing the Plaintiff's injury; and (2) that the injury was a direct result or a reasonable probable consequence of the unseaworthiness.

<u>Miller v. American President Lines</u>, 989 F.2d 1450, 1463 (6th Cir. 1993).

Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions - Civil (Fourth Edition)</u>, §95.18.

<u>Fifth Circuit Pattern Jury Instruction, Civil</u>, §4.6.

CONCURRENT ACTS OF NEGLIGENCE

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 26

There may be more than just one proximate cause of an injury or damage.  On the contrary, many facts or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Federal Jury Practice and Instructions (4th edition), §§80.18, 80.19.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 27</u>

When the negligent acts or omissions of two or more persons contribute concurrently, and as proximate causes to the injury and damage of another, each of such persons is liable.  This is true regardless of the relative blame or fault of each.

<u>Philips Petroleum Co. v. Hardee</u>, 189 F.2d 205 (5th Cir. 1951).

<u>Aetna Casualty Surety Co. v. P.B. Autobody</u>, 43 F.3d 1546 (1st Cir. 1994).

<u>CONTRIBUTORY NEGLIGENCE</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 28</u>

Now the defendant here contends that the plaintiff himself was negligent.  The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, first, that the plaintiff himself was also at fault, and, second, that such fault was causally related to the plaintiff's injury.

The defense of contributory negligence is only a defense to the Plaintiff's claim of Jones Act negligence.  It is not a defense to the Plaintiff's claim of unseaworthiness.

<u>Federal Jury Practice and Instructions (4th edition)</u>,
§§95.10, 95.19.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 29

A seaman is required to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997) (en banc).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 30</u>

A failure to report or complain about a dangerous or defective condition which is open or obvious is not evidence of contributory negligence on the part of the seaman if the circumstances are such that doing so would be a futile act.  A seaman is not duty bound to do a futile act.

<u>Rivera v. Farrell Lines, Inc.</u>, 474 F.2d 255 (2nd Cir. 1973).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 31


A seaman must do his work as he is instructed and with the equipment available. He is not obligated to protest against the method of operation which he had been instructed to follow, nor is he obligated to call for additional or different equipment.

Further, he has no duty to devise a method for doing his job safer than the method created, established or permitted by his employer.


Ballwanz v. Isthmian Lines, Inc., 319 F.2d 457 (4th Cir. 1963).

Merchant v. Ruhle, 740 F.2d 86, 88 (1st Cir. 1984).

Wyatt v. Penrod Drilling Co., 735 F.2d 951, 955 (5th Cir. 1984).

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 32

When a seaman is performing work as ordered or told by his Captain or superior, he cannot be found to be contributorily negligent.

Riveria v. Rederi A/B Nordstjernan, et al. v. International Shipping Agency, 456 F.2d 970 (1st Cir. 1972).

Curry v. Fluor Drilling Services, Inc., 715 F.2d 893 (5th Cir. 1983).

Earl v. Bouchard Transportation Co., Inc., 917 F.2d 1320, 1323-1324 (2nd Cir. 1990).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 33</u>

"In fostering safety, the burden of not complying with standards of care is

ordinarily placed directly on the employer," and not on the injured seaman.


<u>Burage v. Flota Grancolombiana, S.A.</u>, 431 F.2d 1299 (5th Cir. 1970).

<u>Manning v. M/V SEAROAD</u>, 417 F.2d 603 (5th Cir. 1969).

<u>Martin v. War Admiral</u>, 507 F.2d 1093 (5th Cir. 1973).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 34


INADEQUATE TRAINING


If you find from a preponderance of the evidence that the Defendant assigned the Plaintiff to perform a task that the Plaintiff was not adequately trained to perform, you must find that the Defendant was negligent[6].

---

[6] 5th Cir. Pattern Jury Instructions, 1998 Ed. § 4.4, P. 40

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 35

DAMAGES

If you find that the defendant is liable for the Plaintiff's injuries, the plaintiff is entitled to recover as his damages compensation for all pain and suffering, physical as well as mental, past, present and future, which he has sustained or will sustain arising from the injuries suffered by him; he is also entitled to recover such wages as he may have lost in the past, is losing in the present and is likely to lose in the future from the impairment of his earning capacity arising from said injuries; he is also entitled to recover as damages fair and reasonable compensation for the loss of bodily function and permanent physical disability to his body and his limbs which he has sustained and is likely to sustain in the future; further, he is entitled to recover mental anguish and anxiety including humiliation, shame and embarrassment, worry and concern, and feelings of economic insecurity caused by his disability.

Norris, The Law of the Seaman (4th edition), §30.41.

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 36

The law recognizes that a negligent party, or a party liable for the breach of duty of seaworthiness, is liable for harm and damage caused by the aggravation of a pre-existing disease or condition of the person.  Another way of explaining this idea is to say that the Defendant must take the Plaintiff as he was, whether strong or weak, healthy or sickly, and a weakened person is entitled to recover for the harm to which the Defendant's conduct contributes, even though the injured person had a pre-existing condition, disease or injury and would not have suffered so much had he been a stronger person before the injury.

White v. Johns-Manville, et al., 622 F.2d 234 (4th Cir. 1981).

The Jefferson Myers, 45 F.2d 162 (2nd Cir. 1930).

Norris, The Law of the Seaman (4th edition), §30.41.

## IMPAIRMENT TO EARNING CAPACITY

### PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 37

If you find that plaintiff has suffered a disability which will impair his earning capacity in the future, then you should determine the extent to which his earning ability has been reduced and award the plaintiff the present value of such sum as you find will compensate him for all such future losses. Disability which is permanent in nature is any impairment of body or mind which results from injuries which permanently restrict the individual from following his gainful occupation to the full extent he was able to before he was injured. Disabling injuries does not mean helplessness; an individual need not be bedridden or unable to move to be suffering a permanent disability from an employable point of view.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 38

Any award for future economic damages must be for the present cash value of those damages.  Non-economic damages such as physical and emotional pain and suffering are not reduced to "present cash value".  "Present cash value" means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred in the future.  The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  In determining "present cash value" you should also consider decreases in the value of money, which may be caused by future inflation.

Federal Jury Practice and Instructions (4th Edition), §§85.11, 95.19.

Jones & Laughlin Steel Corp v. Pfeifer, 462 U.S. 522, 103 S.Ct. 2541 (1983).

PAIN AND SUFFERING

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 39

If you find that the plaintiff is entitled to damages you should also award such further sums of money which will fairly compensate him for all of the pain and suffering, both of body and mind which you may find that he has suffered in the past, and that he is likely to suffer in the future as a result of his injuries. There is no yardstick to measure the monetary value of plaintiff's suffering, but you must use your own common experience and good judgment in arriving at such a sum of money which will reasonably compensate the plaintiff for his pain and suffering.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 40</u>

The Plaintiff has also brought suit to recover what is known as "Maintenance and Cure."  The Plaintiff is entitled to Maintenance and Cure if he has proven that 1) he is a "seaman;" 2) the Defendant owned the ship on which he was employed; and 3) he was injured while in the service of the ship owned by the Defendant.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct. 651, 653 (1938).

<u>Hokell v. Socony Mobil Oil Corp.</u>, 237 F.2d 707 (1st Cir. 1956).

<u>Picou v. American Offshore Fleet, Inc.</u>, 576 F.2d 585 (5th Cir. 1978) (maintenance and cure claim joined with Jones Act claim must be tried before a jury).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 41</u>

Under the Doctrine of "Maintenance and Cure," a vessel is required to provide care for seamen recovering from an injury received while in the service of the ship.  The claim of maintenance and cure is a separate and distinct claim from the Plaintiff's Jones Act and unseaworthiness claims.

The term "Maintenance" refers to the compensation paid by the vessel for the room and board of the injured seaman while he is recovering.  "Maintenance" <u>does not</u> include compensation for lost wages, future lost wages, pain or suffering.  Maintenance benefits are the value of the room and board the injured seaman received while he was on board the vessel.

The term "Cure" refers to the seaman's right to receive compensation for the reasonable medical expenses he incurred as a result of an injury received while in the service of the vessel.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct. 651, 653 (1938).

<u>Vaughan v. Atkinson</u>, 369 U.S. 527, 531, 82 S.Ct. 997, 1000 (1962).

<u>Ferrara v. A. & V. Fishing, Inc.</u>, 99 F.3d 449, 452 (1st Cir. 1996).

<u>Pelotto v. L & N Towing Company</u>, 604 F.2d 396, 400 (5th Cir. 1979).

<u>See</u> <u>generally</u> Norris, <u>The Law of Seamen (4th Edition)</u>, chapter 26.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 42</u>

Maintenance and Cure benefits are due to the Plaintiff if you find that he was injured while in the service of a ship owned by the defendant, even if you also find that the defendant was not negligent and the ship was not unseaworthy.  In other words, the Plaintiff need not prove that the ship or ship owner was at fault in order to be entitled to maintenance and cure.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct. 651, 653 (1938).

<u>Pelotto v. L & N Towing Co.</u>, 604 F.2d 396, 400 (5th Cir. 1979).

<u>Hazelton v. Luckinbush S.S. Co.</u>, 134 F.Supp. 525 (D. Mass. 1955).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 43</u>

The negligence, if any, of the seaman is not a defense to the owner's obligation to pay maintenance and cure.  Neither maintenance nor cure may be reduced because of any negligence on the part of the seaman.

<u>Fitzgerald v. United States Lines Co.</u>, 374 U.S. 16, 19, 83 S.Ct. 1646 (1963).

<u>Federal Jury Practice and Instructions (4th Edition)</u>, §95.24.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 44

A seaman injured while in the service of the vessel is entitled to "Maintenance and Cure" until he reaches the point of maximum medical recovery.

A seaman must be medically declared to have reached the point of maximum medical recovery before maintenance and cure may properly be terminated.

Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 1000 (1962).

Hubbard v. Faros Fisheries, Inc., 626 F.2d 196, 201-202 (1st Cir. 1980).

Grove v. Dixie Carriers, Inc., 553 F.Supp. 777 (5th Cir. 1982).

Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 45</u>

In order to determine the amount of Maintenance due to the Plaintiff you must determine what is the fair value for the food and lodging that is necessary to sustain a seaman when he falls ill or becomes injured in the service of the ship.  It is important in determining this what the fair market value is or the going rate for his bunk and food that he gets aboard the vessel.  Once you have determined what that fair value is, then you will determine the number of days that the plaintiff was disabled and then compute the total amount due.

In determining cure, you will refer to the evidence submitted on medical bills and determine the amount due the plaintiff for the payment of these bills that are related to his injury.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 528, 58 S.Ct. 651, 653 (1938).

Norris, <u>The Law of Seamen (4th Edition)</u>, §26:35.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 46</u>

When a claim for seaman's maintenance and cure has been made, there is an affirmative duty upon the shipowner to investigate the claim with reasonable diligence.

<u>Stewart v. S.S. Richmond</u>, 214 F. Supp. 135, 136 (E.D. La. 1963).

<u>Federal Jury Practice and Instructions (4th Edition)</u>, §95.24.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 47</u>

Once a shipowner has been requested by a seaman or his representative to provide

maintenance and cure, the shipowner has the obligation to perform a thorough, good faith

investigation into whether the seaman's claim is meritorious.

<u>Vaughn v. Atkinson</u>, 369 U.S. 527, 528, 82 S.Ct. 997 (1962).

<u>Guevara v. Maritime Overseas Corp.</u>, 59 F.3d 1496, 1502 (5th Cir. 1995).

<u>Morales v. Garijack, Inc.</u>, 829 F.2d 1355, 1358 (5th Cir. 1987).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 48</u>

Whether a seaman's medical condition, if any, warrants the provision of maintenance and cure, and whether the seaman has reached maximum medical recovery are medical questions, not legal questions.  Therefore, a shipowner's decision to deny maintenance and cure to a seaman must rely, at least in part, upon sound medical analysis of the claim.

<u>Breese v. Awi, Inc.</u>, 823 F.2d 100, 104-105 (5th Cir. 1987).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 49</u>

If you find that the defendant improperly terminated the plaintiff's maintenance and cure and/or failed to pay maintenance and cure when due and as a result of that recalcitrance the seaman was forced to hire an attorney and go to court to recover maintenance and cure, you may award damages for prolongation or aggravation of the seaman's injury, pain and suffering, and any additional medical expenses incurred as a result of the failure to pay and a reasonable sum to compensate his attorney for services furnished.

<u>Vaughan v. Atkinson</u>, 369 U.S. 527, 82 S.Ct. 997 (1962).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 50</u>

The seaman's right to receive maintenance and cure is independent of his right to receive compensatory damages under the Jones Act or under the doctrine of unseaworthiness.  If your verdict is to award the Plaintiff compensatory damages for lost earnings or for pain and suffering or for other losses, you are not to deduct from that award any amount that you award the Plaintiff for maintenance and cure.

<u>Pacific S.S. Co. v. Peterson</u>, 278 U.S. 130, 49 S.Ct. 75 (1928).

PRE-JUDGMENT INTEREST

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 51

The final element of possible damages that may be awarded upon a finding for the plaintiff is called pre-judgment interest. The purpose of pre-judgment interest is to make the plaintiff fully whole or compensated.  If you should find for the plaintiff you may decide that the plaintiff has not had the benefit of the money you award today for damages sustained in the past.  You may correct that situation if you desire.  Such an award is within your sole discretion as the triers of fact in this case.

You may look to the cost of borrowing money from a bank or to other reasonable guideposts to determine the rate of interest to be applied.

Robinson v. Pocahontas, Inc., 477 F.2d 1048 (1st Cir. 1973).

Couch v. Cro-Marine Transport, Inc., 44 F.3d 319, 323 (5th Cir. 1995).

Todd Shipyards Corp. v. Auto Transp., S.A., 763 F.2d 745, 753 (5th Cir. 1985).

Gator Marine Service Towing, Inc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1100-1101 (5th Cir. 1981).

PLAINTIFFS REQUESTED INSTRUCTION #52

Violation of U.S.C.G. Regulations

A maritime employer such as the Defendant has a duty to comply with all applicable U.S.C.G. regulation.  A maritime employer's violation of a Coast Guard safety regulation that causes a seaman's injury or death constitutes negligence per se.

In determining the Negligence of the Defendant and the unseaworthiness of the M/V ISLANDER you should consider whether the Defendant was in compliance with applicable U.S. Coast Guard regulations.

 Kernan v. American Dredging Co., 355 U.S. 426, 432-433, 78 S.Ct. 394, 398 (1958); see also Moody v. Boston and Maine Corporation, 921 F.2d 1, 4 (1st Cir. 1990) (FELA case); Pratico v. Portland Terminal Company, 783 F.2d 255, 263 (1st Cir. 1985) (FELA case); Smith v. Trans-World Drilling Co., 772 F.2d 157, 160-161 (5th Cir. 1985); Reyes v. Vantage S.S. Co., 609 F.2d 140, 143 (5th Cir.) ("The failure to follow any Coast Guard regulation which is a cause of an injury establishes negligence per se."), quoted in Pratico, supra.  Kernan further held as follows:

> [T]he basis of liability is a violation of statutory duty without regard to whether the injury flowing from the violation was the injury the statute sought to guard against.  It must therefore be concluded that the nature of the Acts violated is not a controlling consideration. . . .

PLAINTIFFS REQUESTED INSTRUCTION #53

At the time of the Plaintiff's accident, U.S. Coast Guard regulations, applicable to the

M/V ISLANDER, was 46 CFR § 199.180(a) which required the Defendant, to do the

following:

```
Sec. 199.180  Training and drills.

   (a) Training materials. Training material must be on board each
vessel and must consist of a manual of one or more volumes written in
easily understood terms and illustrated wherever possible, or of
audiovisual training aids, or of both as follows:
   (1) If a training manual is used, a copy must be in each crew
messroom and recreation room or in each crew cabin. If audiovisual
training aids are used, they must be incorporated into the onboard
training sessions described in paragraph (g) of this section.
   (2) The training material must explain in detail
        ..................

   (iii) The procedure for boarding, launching, and clearing the
survival craft and rescue boats;
        ...............................

   (g) Onboard training and instruction. (1) Onboard training in the
use of the vessel's lifesaving appliances, including survival craft
equipment, and in the use of the vessel's fire-extinguishing appliances
must be given as soon as possible but not later than 2 weeks after a
crewmember joins the vessel.
   (2) If the crewmember is on a regularly scheduled rotating
assignment to the vessel, the training required in paragraph (g)(1) of
this section need be given only within 2 weeks of the time the
crewmember first joins the vessel.
   (3) The crew must be instructed in the use of the vessel's fire-
extinguishing and lifesaving appliances and in survival at sea at the
same interval as the drills. Individual units of instruction may cover
different parts of the vessel's lifesaving and fire-extinguishing
appliances, but all the vessel's lifesaving and fire-extinguishing
appliances must be covered within any period of 2 months.
```

PLAINTIFFS REQUESTED INSTRUCTION #54

<u>PENNSYLVANIA RULE</u>

If you find that the Defendant violated any applicable Coast Guard regulation then a special rule applies regarding the party's burden of proof. If the Plaintiffs establishes by a preponderance of the evidence that at the time of the Plaintiffs' accident that the Defendant was in violation of any applicable Coast Guard regulations, then this special rule does two things. First it shifts the burden of proof regarding causation from the Plaintiff's to the Defendant. Second it increases the Defendants burden of proof regarding causation.

If the Plaintiffs establish by a preponderance of the evidence that at the time of the vessel sinking that the Defendant was in violation of any applicable Coast Guard regulation(s), then the burden of proof shifts to the Defendant to establish that the violation (or violations) "could not have been" a cause of the injury to Mr. Brooks and/or Mr. Laliberte. This burden of proof is higher than the "preponderance of the evidence" standard which the law normally places upon a party. If the Plaintiffs establish that at the time of the Plaintiffs' accident that the Defendant was in violation of any applicable Coast Guard regulations, then the burden rests upon the Defendant to prove "not merely that [the violation] might not have been one of the causes, or that it probably was not, but that it <u>could not have been</u>" one of the causes of injury to Mr. Brooks and/or Mr. Laliberte. If you find that the Plaintiffs have established that the Defendant was in violations of a Coast Guard regulations and that that violation <u>could have</u> caused injury to Mr. Brooks and/or Mr. Laliberte, then the Defendant has not met it's burden of proof with respect to this issue.

The Pennsylvania, 86 U.S. (19 Wall) 125, 136 (1873) (the burden rests upon the offending party to show "not merely that [his] fault might not have been one of the causes, or that it probably was not, but that it could not have been" one of the causes") Continental Grain Co. v. Puerto Rico Maritime Shipping Authority, 972 F.2d 426, 436 (1st Cir. 1992).  "It serves solely to shift the burden of proof on the issue of causation once a claimant has established that a vessel has violated a statute or regulation."  Id. See, e.g., Folkstone Maritime Inc. v. CSX Corp., 64 F.3d 1037 (7th Cir. 1995) (allision case); Candies Towing Co., Inc. v. M/V B&C Eserman, 673 F.2d 91 (5th Cir. 1982) (sinking with cargo loss); Reyes, supra (Jones Act death case); In re Seaboard Shipping Corp., 449 F.2d 132 (2nd Cir. 1971), cert. den., 406 U.S. 949, 92 S.Ct. 2038 (1972) (limitation proceeding involving drowning of seamen); Waterman S.S. Corp. v. Gay Cottons, 414 F.2d 724, 737 (9th Cir. 1969) (the Pennsylvania Rule also applies "to failure to provide equipment required by statute"); Smith v. Mitlof, 130 F.Supp.2d 578 (S.D.N.Y. 2001) (passenger case).