UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BARRY BROOKS, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action |
| V. | ) | |
| | ) | No. 05-11861-MLW |
| WOODS HOLE, MARTHA'S | ) | |
| VINEYARD AND NANTUCKET | ) | |
| STEAMSHIP AUTHORITY, | ) | |
| Defendant | ) | |

PLAINTIFF'S OPPOSITION TO:

DEFENDANT'S MOTION TO REOPEN THE MATTER AND FOR PERMISSION TO DEPOSIT THE SETTLEMENT FUNDS TO THE COURT'S REGISTRY

Now comes the Plaintiff, Barry Brooks, in the above captioned matter and opposes Defendant's Motion to Reopen the matter and for Permission to Deposit the Settlement funds to the Court Registry. As grounds thereof the Plaintiff states as follows

The parties in this case entered into written settlement agreement a copy of which is attached as Ex. "A". The agreement was drafted by the Defendant and signed by both parties. The agreement states that upon the completion of certain actions by Brooks, "Woods Hole agrees to pay the sum of $ 805, 000 to Brooks". Settlement Agreement, Page 4. The agreement further states "This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the parties related thereto." Settlement Agreement, Page 5. Mr. Brooks has done everything required of him under the agreement. Prior to settleing the case and signing the agreement the Defendant was aware of all

of the issues identified within its motion and none the less agreed to "pay the sum of $805,000 to Brooks". All claims and disputes between the Plaintiff and Defendant have been reduced and incorporated into the settlement agreement. No other person or company has sought to intervene in this case to assert any claim. Accordingly it serves no purpose to deposit the settlement funds into the Court where the only valid claim to the funds before this court is that of Mr. Brooks.

Prior to this case being placed in suit Mr. Brooks was represented by attorney Thomas J. Hunt. In the summer of 2005 Mr. Brooks discharged Mr. Hunt and retained Latti & Anderson who promptly placed the case in suit. Mr. Brook's prior attorney Thomas J. Hunt is not a party to this case, has not filed a lien with the court in this case, and has not moved to intervene in this case pursuant to F.R.Civ.P. 24. Because Mr. Hunt never commenced suit or "appeared" for Mr. Brooks in this case, he is not entitled to a lien upon the judgment, pursuant to M.G.L. Chapter 221 Sec. 50. Fox v. LaMotte, et al, 18 Mass. L. Rep 2, 2004 Mass. Super. Lexis 218 (2004); Boswell v. Zephyr Lines, Inc. 414 Mass. 241, 606 N.E.2d 1336 (1993); Wozniak vs. Gilmore, 2005 Mass. App. Div. 49, 2005 Mass. App. Div. Lexis 6. (2005). While it is true that Mr. Hunt may have a cause of action in quantum meruit against Mr. Brooks, he is not entitled to lien and accordingly has not asserted one with this Court.

Without requesting specific relief, the Defendant notes that there is a dispute between the parties as to how much Mr. Brooks should pay to Defendant's expert Dr. Schouten. First Plaintiff's counsel has sent a $4,000.00 check to Dr. Schouten as an expert fee for a 5 ½ hour deposition. See, Check dated September 12, 2007 (Attached as Ex. "B"). If Defendant claims that it should be reimburse for payments it made to Dr. Schouten, then this claim has been superseded by the settlement agreement. If Dr. Schouten claims that Mr. Brooks owes him more

than $4,000 for a 5 ½ hour deposition, then he ought to assert the claim himself. As the court is aware he has not done so.

Again without specifically requesting relief, the Defendant notes "there is an issue concerning a $1,000.00 cancellation fee that the defendant incurred as a result of the plaintiff's failure to attend a scheduled Independent Medical Examination". The exam in question was missed more than one year ago. Like all the parties litigation costs, any claim that Defendant should be reimbursed for this litigation expense has been superseded by the settlement agreement.

WHEREFORE, the Plaintiff, Barry Brooks, respectfully requests that this Honorable Court Deny, <u>Defendant's Motion to Reopen the matter and for Permission to Deposit the Settlement funds to the Court Registry</u>.

    Respectfully submitted,
    Barry Brooks, Plaintiff,
    By his attorneys,

    <u>/s/ David F. Anderson</u>
    David F. Anderson
    BBO #560994
    Latti & Anderson LLP
    30-31 Union Wharf
    Boston, MA 02109
    (617) 523-1000

Dated: 10-18-07

CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                                                  /s/ David F. Anderson  
                                                                  David F. Anderson, Esq.  
                                                                  Latti & Anderson LLP  
                                                                  30-31 Union Wharf  
                                                                 Boston, MA 02109  
                                                                617-523-1000

Dated: October 18, 2007

SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (hereinafter referred to as "**AGREEMENT**") is made and entered into as of September 18, 2007 by and between **BARRY BROOKS** (hereinafter referred to as "**BROOKS**") and **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY** (hereinafter referred to as "**WOODS HOLE**").

WHEREAS, on the 14th day of June 2005, **BROOKS** filed various claims against **WOODS HOLE** in an action entitled *Barry Brooks vs. Woods Hole Martha's Vineyard & Nantucket Steamship Authority*, United States District Court for the District of Massachusetts, Civil Action Number 05-11861-MLW (hereinafter referred to as "**LAWSUIT**");

WHEREAS, **WOODS HOLE** expressly disputes **BROOKS**' claims and expressly denies that it has any liability whatsoever to **BROOKS** or to any other person or entity with respect to any claims for damages arising from the alleged personal injuries sustained by **BROOKS** on or about August 4, 2003 while serving as a seaman aboard the **M/V ISLANDER**.

WHEREAS, **BROOKS** and **WOODS HOLE** at this time wish to settle and compromise all disputes arising from the alleged personal injuries sustained by **BROOKS** on or about August 4, 2003 while serving as a seaman aboard the **M/V ISLANDER** which is the subject of the aforesaid **LAWSUIT**

between them without any admission of liability or any matter of fact or law;

**WHEREAS**, the Parties to this **AGREEMENT** certify that they have entered into a good faith settlement of this case, entered into at arms length, that is reasonable on its face;

**NOW, THEREFORE**, in connection of the foregoing and of the mutual promises and covenants contained herein and in attached documents incorporated by reference herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, **BROOKS** and **WOODS HOLE** agree as follows:

**BROOKS** will dismiss all claims against **WOODS HOLE** in the **LAWSUIT** with prejudice and without costs and hereby releases **WOODS HOLE** from all claims made by him as plaintiff in the **LAWSUIT**.

**BROOKS** further agrees as a condition of his settlement that his employment will automatically terminate and he will resign from his employment with **WOODS HOLE** at the exhaustion of his medical benefits on August 6, 2008 and will not apply for nor become employed in the future in any capacity for **WOODS HOLE** from the date of execution of this **AGREEMENT**. If **BROOKS** violates this provision, he will hold **WOODS HOLE** harmless and indemnify

3

WOODS HOLE for all costs, expenses, and attorney fees incurred by WOODS HOLE in the defense and enforcement of this provision.

BROOKS further agrees that WOODS HOLE will not be liable for nor will pay any outstanding medical charges for the alleged injuries which are the subject matter of the aforesaid LAWSUIT and this AGREEMENT.

BROOKS further agrees to execute the following documents:

A. A **STIPULATION OF DISMISSAL**, annexed hereto as **EXHIBIT "A"** stipulating pursuant to Rule 41(a)(1(ii) of the Federal Rules of Civil Procedure that the action identified as *Barry Brooks vs. Woods Hole Martha's Vineyard & Nantucket Steamship Authority*, Civil Action Number 05-11861-MLW be dismissed with prejudice and without costs.

B. A **RED SEAMAN'S RELEASE** annexed hereto as **EXHIBIT "B"**, releasing **WOODS HOLE** and the **M/V ISLANDER** from all claims brought by **BROOKS** arising from the alleged personal injuries sustained by **BROOKS** on or about August 4, 2003 while serving as a seaman aboard the **M/V ISLANDER**.

It is agreed that in consideration of the full discharge of all claims arising out of the allegations set forth in BROOKS' Complaint, and in further full and complete discharge of any claim for damages that could be asserted in the future by said BROOKS as a result of the alleged actions and/or omissions of WOODS HOLE, WOODS HOLE agrees to pay the sum of $805,000.00 to BROOKS.

4

This **AGREEMENT** does not constitute and is not to be interpreted as an admission by **WOODS HOLE** of liability or any matter of fact or law, or as a declaration against interest, and **WOODS HOLE** hereto denies such liability. This **AGREEMENT** shall not be introduced as evidence in any proceeding against **WOODS HOLE** except in a proceeding to enforce the terms hereof.

Nothing in this **AGREEMENT** shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this **AGREEMENT**. Each of the Parties expressly reserves any and all rights (including, but not limited to, and right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrences relating to any way to these matters against any person not a Party hereto.

The Parties warrant no promise or inducement has been offered for this **AGREEMENT** other than as expressly set forth herein.

This **AGREEMENT** constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the Parties related thereto. This **AGREEMENT** shall be binding upon and shall inure to the benefit of the successors and

5

assigns of the Parties. This **AGREEMENT** may not be amended except by written modification executed by the Parties.

This **AGREEMENT** may be executed in duplicate counterparts, each of which shall be deemed to be an original; but all of which together shall constitute one and the same document.

**IN WITNESS WHEREOF**, the Parties have caused this **SETTLEMENT AGREEMENT** to be executed as a sealed instrument individually and by its duly authorized representative as of the dates set forth below their respective signatures.

*Barry E. Brooks*
BARRY BROOKS
Dated: September 18, 2007

COMMONWEALTH OF MASSACHUSETTS

, ss. BRISTOL COUNTY          September 18, 2007

The personally appeared the above-named **BARRY BROOKS**, and made oath that the execution of the above **SETTLEMENT AGREEMENT** is his free act and deed.

*[signature]*
Notary Public
My Commission Expires:

JAMES A. COMFORT, JR.
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 8, 2010

6

WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY

By: THOMAS J. MUZYKA
Title: ATTORNEY-IN-FACT
Dated: September 25, 2007


COMMONWEALTH OF MASSACHUSETTS

SUFFOLK SS:                                September 25, 2007


Then personally appeared before me, the above named **THOMAS J. MUZYKA**, known to me to be the same and made oath that he is the **ATTORNEY-IN-FACT** for **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**, and he executed the above **SETTLEMENT AGREEMENT** as a duly authorized act and acknowledges the same to be his free act and deed and the free act and deed of the **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**.

Notary Public Barbara J. Cote
My Commission Expires: 10/3/08

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605
*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

September 28, 2007

Dr. Ronald Schouten
Law and Psychiatry Service
15 Parkman St.
WACC 812
Boston, MA 02114

Re:   Brook's LaLiberte Deposition

Dear Dr. Schouten,

Enclosed please find check #14983 in the amount of $ 4,000 representing partial payment of the attached bill. You should look to the law firm of Clinton & Muzyka for the payment of the remainder of the bill.

Pursuant to the Federal Rules of Civil Procedure, My clients are required to pay you for your deposition time, which in this case is five and one half hours. My clients have paid you an additional 2.5 hours representing time you spent collecting the Brooks and Laliberte file as well as traveling to and from my office. Pursuant to the Federal Rules of Civil Procedure time spent in the days prior to the deposition preparing your opinions and testimony is to be paid by the party which hired you. Accordingly you should look to the law firm that retained you Clinton & Muzyka for payment of the remaining $ 4,000.

Very Truly Yours

David F. Anderson

DFA
Enclosure

**Law and Psychiatry Service**
15 Parkman Street, WACC 812
Boston, MA 02114
Tel: (617) 724-8658
Fax: (617) 724-2808

August 7, 2007

Kenneth M. Chiarello, Esq.
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA 02108

---

Client Number: 480 Kenneth M. Chiarello
Matter Number: 2821 Brooks, Laliberte Deposition
For Services Rendered Through 8/7/2007.

## Fees

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 07/29/2007 | RS | File review for deposition | 4.00 | $2,000.00 |
| 07/30/2007 | RS | File review for deposition | 1.50 | $750.00 |
| 08/01/2007 | RS | Deposition on Laliberte and Brooks | 5.50 | $2,750.00 |
| 08/01/2007 | RS | File review for deposition | 5.00 | $2,500.00 |
| | | Billable Hours / Fees: | 16.00 | $8,000.00 |

### Timekeeper Summary

Timekeeper RS worked 16.00 hours at $500.00 per hour, totaling $8,000.00.

Continued On Next Page

*[Image of check rotated 90°, with the following content:]*

LATTI & ANDERSON LLP
ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY
OVERHEAD ACCOUNT
30-31 UNION WHARF BOSTON, MA 02109

BANK OF AMERICA, N.A.
5-13/10

14983

9/12/2007

PAY TO THE ORDER OF  MASSACHUSETTS GENERAL PHYSICIANS ORG.    $ **4,000.00

Four Thousand and 00/100************************************************ DOLLARS

MASSACHUSETTS GENERAL PHYSICIANS ORG.

MEMO  DEPO. BROOKS/LALIBERTE 8 HOURS

LATTI & ANDERSON LLP
OVERHEAD ACCOUNT

⑈014983⑈ ⑆011000138⑆ 00513 000 14⑈

---

LATTI & ANDERSON LLP / ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY / OVERHEAD ACCOUNT   14983

DEPO. BROOKS/LALIBERTE 8 HOURS   9/12/2007   4,000.00

Cash - Overhead   DEPO. BROOKS/LALIBERTE 8 HOURS   4,000.00