UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK LALIBERTE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>    Defendant | Civil Action<br>No. 05-11224-MLW |
| BARRY BROOKS,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>    Defendant | Civil Action<br>No. 05-11861-MLW |

**DEFENDANT'S REQUEST FOR AN EXPEDITED HEARING**

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court for an expedited hearing concerning its Motion to Reopen, which seeks permission to deposit the settlement funds into the Court's Registry.

As grounds in support, the defendant submits the following for the Court's consideration.

**BACKGROUND**

The plaintiffs in these cases are presently represented by Latti & Anderson, LLP, but were previously represented by Thomas J. Hunt & Associates.  There is a dispute concerning whether Thomas J. Hunt & Associates has an attorney's lien on the settlement proceeds.  In order to properly protect its interests, the defendant has moved this Honorable Court to reopen these cases and for permission to deposit the settlement funds into the Court's Registry until the attorney's lien is resolved.

Additionally, there is a further dispute concerning plaintiffs' failure to fully satisfy the charges received with the deposition of the defendant's medical expert (Dr. Ronald Schouten).

Since filing its Motion to Reopen, the plaintiffs have served M.G.L. Chapter 93A & 176D Demand Letters on the defendant and its underwriter.  The plaintiffs allege therein that the defendant has engaged in unfair and deceptive business practices <u>because it has not tendered the settlement funds and has requested permission to deposit the funds into the Court's Registry</u>.  The plaintiffs also allege that they have sustained damages by not having the use of the settlement funds and have also experienced related anxiety.  The defendant has attached

hereto as Exhibits "A" and "B" respectively the M.G.L. Chapter 93A & 176D Demand Letters.

It appears that the plaintiffs will be filing an action against the defendant and its underwriter pursuant to M.G.L. Chapters 93A & 176D. The plaintiffs may file these actions in State Court to circumvent this Court's jurisdiction. The defendant maintains that the issues raised in the plaintiffs' M.G.L. Chapter 93A & 176D Demand Letters are properly before this Honorable Court, and further that this Court has exclusive jurisdiction over any and all matters relating to the settlement. The defendant respectfully requests an expedited hearing on the issues raised in its Motion to Reopen and the plaintiffs' M.G.L. Chapter 93A & 176D Demand Letters.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court schedule a hearing on its Motion to Reopen as soon as practicable. Defense counsel will be on trial before Magistrate Judge Bowler between November 12, 2007 and November 16, 2007 from 9:00 a.m. to 1:00 p.m.

        By its Attorneys,

        **CLINTON & MUZYKA, P.C.**

        **"/s/ Thomas J. Muzyka"**
        **Thomas J. Muzyka**
        **BBO NO.  365540**
        **Kenneth M. Chiarello**
        **BBO NO: 639274**
        One Washington Mall
        Suite 1400
        Boston, MA  02108
        (617) 723-9165

Dated:  November 6, 2007

# EXHIBIT A

*Islander/Laliberte*
*TJM/KMC*

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109   (617) 523-1000
Portland, ME   (207) 874-6464
Facsimile   (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

RECEIVED
OCT 26 2007

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740   (508) 999-1029
35 Main Street, Gloucester, MA 01930   (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

October 22, 2007

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

One Beacon Insurance Group
Claims Department
P.O. Box 5135
Buffalo, NY 14240

Re:   Mark Laliberte v. Woods Hole, Nantucket, Martha's Vineyard and Nantucket Steamship Authority
      Civil Action No: 05-11224-MLW

Dear Sir/Madam:

Please accept this letter as a formal demand for relief under M.G.L. Chap. 93 A. The facts are as follows. One Beacon is the maritime liability insurer for the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. In the fall of 2005 Mr. Laliberte filed an action within the Federal court in Boston naming your insured as the Defendant. In August Mr. Laliberte' case against Woods Hole, Nantucket, Martha's Vineyard and Nantucket Steamship Authority (hereinafter Steamship Authority) settled for $165,000.00 new money. Releases and a settlement agreement were drafted by insurance defense counsel, and were forwarded to the Mr. Laliberte' counsel. Mr. Laliberte executed both the releases and the settlement agreement which were forwarded back to your insurance defense counsel on September 24, 2007. Your insurance counsel signed the settlement agreement on September 25, 2007. A copy of the settlement agreement is attached to this letter. Mr. Laliberte has executed releases in triplicate and this office has provided a signed stipulation of dismissal all which were received by insurance defense counsel on September 25. As this date, One Beacon, through its attorneys, Clinton & Muzyka, P.C. has refuses to pay Mr. Laliberte $165,000.00. Instead your insurance defense council has filed a motion with the Court requesting that it be allowed to deposit the settlement funds into the court registry on account of Mr.

# LATTI & ANDERSON LLP

Hunt's claim of a lien and because the Defendant/insurers claim that Mr. Laliberte should reimburse the defendant/insurer for certain litigation expenses.

Please treat this letter as a formal demand for relief under M.G.L. c. 176D, Section 3 and M.G.L. c 93A, Sections 2 and 9 and the regulations promulgated there under on the grounds that Once Beacon is guilty of engaging in unfair an deceptive acts as prohibited by M.G.L. c. 176D Section 3(9) (f) by wrongfully withholding $165,000.00 due to Mr. Laliberte.

Mr. Laliberte was represented in connection with this matter by Mr. Thomas Hunt for approximately one and one half years. At no point during Mr. Hunt's representation of Mr. Laliberte did Mr. Hunt file a civil action on Mr. Laliberte' behalf. Upon his discharge, Mr. Hunt sent a letter to Clinton & Musky claiming an attorney's lien. Pursuant to M.G.L. 221 § 50, a lien arises in the following context:

> from the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state of federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom....

The Supreme Judicial Court of Massachusetts Courts have held that an attorney who has not filed a notice of appearance in the court proceeding, signed any pleading or motion on the behalf of their prior client, may not file an attorneys' lien for services rendered under M.G.L.c. 221 § 50. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 606 N.E.2d 1336 (1993), Fox v. LaMotte, 18 Mass.L.Rep. 2 (2004). Nor may the attorney file a common law lien. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 606 N.E.2d 1336 (1993). Simply, stated when an attorney has not filed a complaint, no lien exists under M.G.L.c. 221 § 50 or common law.

It is undisputed that during Mr. Hunt's representation of Mr. Laliberte, Mr. Hunt never filed a lawsuit against the Steamship Authority on behalf of Mr. Laliberte. As a result, Mr. Hunt does not have a lien under statutory or common law. See Boswell & Fox, supra. Despite this, Clinton & Muzyka, has honored Mr. Hunt's claim of a lien and has refused to disburse to Mr. Laliberte $165,000.00 as agreed to in the settlement agreement. Rather based on no legal authority has moved to deposit the $165,000.00 with Judge Wolf, who presided over the case. Further any claim for reimbursement of litigation expenses was extinguished by the settlement agreement which was drafted and signed by counsel for the Defendant/insurer. As a result Mr. Laliberte has been wrongfully deprived of his settlement money. One Beacon's in refusing to pay Mr. Laliberte as agreed to in the settlement agreement constitute unfair and deceptive trade practices.

2

## LATTI & ANDERSON LLP

One Beacon's refusal to distribute the monies to Mr. Laliberte is in direct breach of the settlement agreement. Specifically, page 5 last paragraph states:

> It is agreed that in consideration of the full discharge of all claims arising out of the allegations set forth in Laliberte Complaint, and in further full and complete discharge of any claim for damages that could be asserted in the future by said Laliberte as a result of the alleged actions and/or omissions of Woods Hole, Woods Hole agrees to pay the sum of $165,000.00 to Laliberte.

Mr. Laliberte has performed all steps required of him by the settlement agreement. Accordingly liability on the part of your insured is clear. Further, it is clear that under Massachusetts Law Mr. Hunt is not entitled to a lien against either One Beacon and or the Defendant Steamship Authority. As a result, One Beacon has an obligation to pay Mr. Brook's immediately. The refusal of One Beacon to pay under these circumstances is a violation of M.G.L. 176D and M.G.L. 93A as it represents an unfair claims settlement practice and an unfair and deceptive business act or practice.

The failure of the insurer to disburse the money to Mr. Laliberte has caused Mr. Laliberte to suffer additional damages, which include but are not limited to, the following:

1) the loss of the use of $165,000,

2) anxiety associated with the loss of use of $165,000.00, and

3) the inability to pay off overdue debts

4) other damages to be shown at trial.

Violations of M.G.L. c. 176D are per se violations of M.G.L. c. 93A. This subjects the One Beacon company to potential exposure for double and treble damages, attorney's fees and related costs. Furthermore, M.G.L. C. 93A, Section 9 provides that the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or non-existence of insurance coverage available in payment of the claim.

On behalf of Mr. Laliberte, I request that One Beacon immediately pay Mr. Laliberte the $165,000.00 in settlement proceeds plus interest starting on September 30, 1997, calculated at the Federal T bill rate.

If the insurer fails to accept this offer, Mr. Laliberte we will seek all remedies available to him under the consumer protection statute including but not limited to the

3

# LATTI & ANDERSON LLP

payment of $ 165,000.00 to Mr. Laliberte, interest at 12 % per annum on the 165,000.00 withheld, treble damages and reasonable attorney's fees, interest and costs incurred as a result of One Beacon's unfair claims settlement practices.

    I await your response.

Very truly yours<br><br>*Carolyn M. Latti*<br>Carolyn M. Latti

CML/dmt

cc:  CERTIFIED MAIL RETURN RECEIPT REQUESTED
    Mr. Thomas Muzyka, Esquire
    Clinton & Muzyka, P.C.
    One Washington Mall, Suite 1400
    Boston, MA 02108

    CERTIFIED MAIL RETURN RECEIPT REQUESTED
    Robert Wheeler
    One Beacon Insurance Group
    One Beacon St.
    Boston, MA 02108

EXHIBIT B

*Islander Brooks*
*TM\KM\*

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

October 22, 2007

**RECEIVED**
**OCT 25 2007**
**CLINTON & MUZYKA, P.C.**

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

One Beacon Insurance Group
Claims Department
P.O. Box 5135
Buffalo, NY 14240

Re:   Barry Brooks v. Woods Hole, Nantucket, Martha's Vineyard and
      Nantucket Steamship Authority
      Civil Action No: 05-11861-MLW

Dear Sir/Madam:

Please accept this letter as a formal demand for relief under M.G.L. Chap. 93 A. The facts are as follows. One Beacon is the maritime liability insurer for the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. In the fall of 2005 Mr. Brooks filed an action within the Federal court in Boston naming your insured as the Defendant. In August Mr. Brooks' case against Woods Hole, Nantucket, Martha's Vineyard and Nantucket Steamship Authority (hereinafter Steamship Authority) settled for $805,000.00 new money. Releases and a settlement agreement were drafted by insurance defense counsel, and were forwarded to the Mr. Brooks' counsel. Mr. Brooks executed both the releases and the settlement agreement which were forwarded back to your insurance defense counsel on September 24, 2007. Your insurance counsel signed the settlement agreement on September 25, 2007. A copy of the settlement agreement is attached to this letter. Mr. Brooks has executed releases in triplicate and this office has provided a signed stipulation of dismissal all which were received by insurance defense counsel on September 25. As this date, One Beacon, through its attorneys, Clinton & Muzyka, P.C. has refuses to pay Mr. Brooks $805,000.000. Instead your insurance defense council has filed a motion with the Court requesting that it be allowed to deposit the settlement funds into the court registry on account of Mr. Hunt's claim of a lien and

# LATTI & ANDERSON LLP

rather on account of the Defendant/insurers claim that Mr. Brooks should reimburse the defendant/insurer for certain litigation expenses.

Please treat this letter as a formal demand for relief under M.G.L. c. 176D, Section 3 and M.G.L. c 93A, Sections 2 and 9 and the regulations promulgated there under on the grounds that Once Beacon is guilty of unfair claims settlement practices and engaging in unfair an deceptive acts as prohibited by M.G.L. c. 176D Section 3(9) (f) by wrongfully withholding $805,000.00 due to Mr. Brooks.

Mr. Brooks was represented in connection with this matter by Mr. Thomas Hunt for approximately two years. At no point during Mr. Hunt's representation of Mr. Brooks did Mr. Hunt file a civil action on Mr. Brooks' behalf. Upon his discharge, Mr. Hunt sent a letter to Clinton & Musky claiming an attorney's lien. Pursuant to M.G.L. 221 § 50, a lien arises in the following context:

> from the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state of federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom....

The Supreme Judicial Court of Massachusetts Courts have held that an attorney who has not filed a notice of appearance in the court proceeding, signed any pleading or motion on the behalf of their prior client, may not file an attorneys' lien for services rendered under M.G.L.c. 221 § 50. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 606 N.E.2d 1336 (1993), Fox v. LaMotte, 18 Mass.L.Rep. 2 (2004). Nor may the attorney file a common law lien. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 606 N.E.2d 1336 (1993). Simply, stated when an attorney has not filed a complaint, no lien exists under M.G.L.c. 221 § 50 or common law.

It is undisputed that during Mr. Hunt's representation of Mr. Brooks, Mr. Hunt never filed a lawsuit against the Steamship Authority on behalf of Mr. Brooks. As a result, Mr. Hunt does not have a lien under statutory or common law. See Boswell & Fox, supra. Despite this, Clinton & Muzyka, has honored Mr. Hunt's claim of a lien and has refused to disburse to Mr. Brooks $805,000.00 as agreed to in the settlement agreement. Rather based on no legal authority has moved to deposit the $805,000.00 with Judge Wolf, who presided over the case. Further any claim for reimbursement of litigation expenses was extinguished by the settlement agreement which was drafted and signed by counsel for the Defendant/insurer. As a result Mr. Brooks has been wrongfully deprived of his settlement money. One Beacon's in refusing to pay Mr. Brooks as agreed to in the settlement agreement constitute unfair and deceptive trade practices.

# LATTI & ANDERSON LLP

One Beacon's refusal to distribute the monies to Mr. Brooks is in direct breach of the settlement agreement. Specifically, page 5 last paragraph states:

> It is agreed that in consideration of the full discharge of all claims arising out of the allegations set forth in Brooks Complaint, and in further full and complete discharge of any claim for damages that could be asserted in the future by said Brooks as a result of the alleged actions and/or omissions of Woods Hole, Woods Hole agrees to pay the sum of $805,000.00 to Brooks.

Mr. Brooks has performed all steps required of him by the settlement agreement. Accordingly liability on the part of your insured is clear. Further, it is clear that under Massachusetts Law Mr. Hunt is not entitled to a lien against either One Beacon and or the Defendant Steamship Authority. As a result, One Beacon has an obligation to pay Mr. Brook's immediately. The refusal of One Beacon to pay under these circumstances is a violation of M.G.L. 176D and M.G.L. 93A as it represents an unfair claims settlement practice.

The failure of the insurer to disburse the money to Mr. Brooks has caused Mr. Brooks to suffer additional damages, which include but are not limited to, the following:

1) the loss of the use of $805,000,

2) anxiety associated with the loss of use of $805,000.00, and

3) other damages to be shown at trial.

Violations of M.G.L. c. 176D are per se violations of M.G.L. c. 93A. This subjects the One Beacon company to potential exposure for double and treble damages, attorney's fees and related costs. Furthermore, M.G.L. C. 93A, Section 9 provides that the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or non-existence of insurance coverage available in payment of the claim.

On behalf of Mr. Brooks, I request that One Beacon immediately pay Mr. Brooks the $805,000.00 in settlement proceeds plus interest starting on September 30, 1997, calculated at the Federal T bill rate.

If the insurer fails to accept this offer, Mr. Brooks we will seek all remedies available to him under the consumer protection statute including but not limited to the payment of $ 805,000.00 to Mr. Brooks, interest at 12 % per annum on the 805,000.00 withheld, treble damages and reasonable attorney's fees, interest and costs incurred as a result of One Beacon's unfair claims settlement practices.

# LATTI & ANDERSON LLP

I await your response.

> Very truly yours
>
> *Carolyn M. Latti*
> Carolyn M. Latti

CML/dmt

cc:  CERTIFIED MAIL RETURN RECEIPT REQUESTED
Mr. Thomas Muzyka, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

CERTIFIED MAIL RETURN RECEIPT REQUESTED
Robert Wheeler
One Beacon Insurance Group
One Beacon St.
Boston, MA 02108

4